**J. A. ROBERTS, Plaintiff in Error,**
v.
**Chris STERR, Defendant in Error.**
No. 37139.

Supreme Court of Oklahoma.
June 4, 1957.

R. B. Garvin, Pauls Valley, for plaintiff in error.

Curtis & Blanton, Pauls Valley, for defendant in error.

JACKSON, Justice.

Plaintiff, J. A. Roberts, sought a mandatory injunction requiring defendant, Chris Sterr, to remove a levee which defendant had constructed on defendant's property claiming that such levee obstructed the natural flow of surface water from plaintiff's property to defendant's property causing such water to stand on plaintiff's property and destroying its utility for agricultural purposes.

Defendant's farm lies south of plaintiff's farm and is contiguous thereto except for a portion of defendant's farm which extends east past plaintiff's east boundary line approximately 165 feet. The natural flow of surface waters is in a southeasterly direction across plaintiff's farm onto defendant's farm.

In 1948 the plaintiff advised defendant that he was going to construct a drainage ditch running north and south on plaintiff's east boundary line, which would channel water directly onto defendant's farm at a point approximately 165 feet west of defendant's east boundary line, and at the same time requested defendant to construct an intersecting ditch on his land for the purpose of intercepting the water and carrying it east along defendant's north boundary line to Colbert Creek. Defendant assented and shortly thereafter constructed such a ditch placing the dirt from the ditch on the defendant's side forming a levee. In addition, defendant extended the ditch and levee west of the proposed intersection several hundred feet, and it is this ditch and levee west of the intersection which plaintiff seeks to have removed claiming that it impedes the flow of surface water falling on plaintiff's farm to the west of plaintiff's ditch, and further claiming that it is not necessary to protect defendant inasmuch as all of the water being discharged onto defendant's farm from the ditch constructed by plaintiff, as hereinafter set out, flows east from the intersection, thence to Colbert Creek, and that none of said water would flow west. Specifically plaintiff's position is that defendant would be adequately protected if defendant's ditch and levee extended no further west than the south terminus of plaintiff's ditch. For the purpose of this opinion we will assume that the west extension of defendant's ditch and levee was not necessary to protect defendant from the water being discharged onto his farm by plaintiff.

Approximately two weeks after defendant completed the work on his farm plaintiff constructed the north-south ditch on his east boundary line and, at the same time, cleaned out and deepened certain bar ditches in the road north of his property, raised the grade of the road and channeled the water accumulating in these bar ditches into the ditch on plaintiff's east boundary line so that it would carry not only the surface waters falling on plaintiff's farm, but also surface waters from areas to the north of plaintiff, resulting in all such surface waters being concentrated and directed at one point on defendant's farm.

As stated above, plaintiff contends that the levee and ditch west of the intersection is not necessary to protect defendant and causes part of the surface water falling on plaintiff's farm to back up on his land thereby destroying crops, etc.

The trial court found that plaintiff failed to advise defendant and defendant did not know of plaintiff's plan to drain the additional area to the north of plaintiff's farm. Defendant testified that he thought plaintiff's ditch was intended to drain only the

surface waters from plaintiff's property and the property to the west of plaintiff. The trial court found that plaintiff, therefore, drained more water into the ditch than was anticipated by defendant, and concluded from such finding that plaintiff was guilty of inequitable conduct in the matter, and, therefore, not entitled to equitable relief. There is considerable merit in this conclusion in view of the fact that the evidence clearly shows the ditch in front of the levee to the west of the intersection, of which plaintiff complains, adequately drains the surface waters running into it, except when the ditch to the east of the intersection is filled with an excessive amount of water from plaintiff's drainage ditch. However, we do not decide that plaintiff's failure to disclose the exact area which he intended to drain constituted inequitable conduct. We think a more patent reason exists for denying injunctive relief in this case.

Plaintiff testified that after defendant constructed his ditch and levee it was obviously inadequate and that he so advised the defendant. Notwithstanding this apparent inadequacy the plaintiff proceeded to construct his drainage ditch on the east side of his property in the manner hereinabove described. He did not contend in the trial court and does not contend here that the parties had entered into any binding contract or agreement but stands on the proposition that defendant had no right under our former decisions to construct a levee that would cause the surface waters to accumulate and stand on plaintiff's land.

■ We are of the opinion that after this work was done by defendant, plaintiff had the alternative of abandoning his plan or accepting as sufficient the ditch as constructed by defendant, including the ditch and levee west of the intersection. According to the evidence defendant's ditch west

of the intersection would have been sufficient to catch and drain the surface waters flowing into it if plaintiff had not constructed his ditch and overloaded defendant's ditch east of the intersection. Plaintiff chose to proceed knowing, or having reason to know, that defendant's ditch was inadequate to handle the increased flow. It is thus apparent that the flooding on plaintiff's land results from his own affirmative act in constructing the north-south ditch and concentrating a large volume of water into defendant's ditch east of the intersection which prevented the water in the west ditch from flowing, thereby backing up and flooding plaintiff's land.

■ The record does not show that defendant has been guilty of any inequitable conduct. We do not decide that plaintiff has been guilty of inequitable conduct in this matter. But adopting the most favorable theory possible in favor of plaintiff, it is obvious that his equity is no more than equal to defendant's equity, in that he was as well situated as defendant to foresee and prevent the prejudicial situation, but failed to do so and in fact precipitated same. Therefore, the equities being equal, the loss or harm must be borne by plaintiff, the party upon whom it has fallen. 19 Am.Jur. p. 335.

■ The trial court found that the plaintiff had not shown himself entitled to injunctive relief and this being a case of equitable cognizance we will not disturb the judgment of the trial court unless it is clearly against the weight of the evidence. We cannot say that the judgment is clearly against the weight of the evidence.

Judgment affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.